# HERTEN BURSTEIN

HERTEN BURSTEIN SHERIDAN CEVASCO BOTTINELLI LITT & HARZ LLC
*Counsellors at Law*

DANIEL Y. GIELCHINSKY
MEMBER OF THE FIRM

MEMBER OF NJ & NY BARS
WRITER'S DIRECT DIAL: (201) 498-8503
WRITER'S EMAIL: dgielchinsky@HertenBurstein.com

21 MAIN STREET, SUITE 353
COURT PLAZA SOUTH - WEST WING
HACKENSACK, NEW JERSEY 07601-7095
TEL: (201) 342-6000
FAX: (201) 342-6611

747 THIRD AVENUE
37TH FLOOR
NEW YORK, NEW YORK 10017
TEL: (212) 363-1380

WWW.HERTENBURSTEIN.COM

*Please reply to Hackensack*

August 14, 2009

Honorable Peter G. Sheridan, U.S.D.J.
Martin Luther King Building
& U.S. Courthouse
50 Walnut Street Room 4015
Newark, New Jersey 07101

   Re:  **James Albro v. Vincenza Leonelli-Spina**
       **Docket No. 09-CV-01864**
       **Our File No. 1004.80028**

Dear Judge Sheridan:

  We are counsel to James Albro ("Albro") in connection with this appeal of the March 16, 2009 Order of the Bankruptcy Court. The Order on appeal granted summary judgment to Albro on his Complaint, which sought a determination that debtor/defendant Vincenza Leonelli-Spina ("Spina") may not be discharged from her debt to Albro for money that Spina obtained via fraud while acting in a fiduciary capacity in violation of 11 U.S.C. §523(a)(4) and 11 U.S.C. §523(a)(2), and because the doctrines of collateral estoppel and issue preclusion prevented Spina from denying her fraud on Albro by reason of a Judgment entered against Spina in the Law Division matter entitled <u>James R. Albro v. Vincenza Leonelli-Spina, Esq.</u>, Docket No. BER-L-1277-2004.

  Since the appeal by Spina presents no issues of any consequence to this Court, Albro chooses to rely upon the strength of the record of the proceedings in the Bankruptcy Court in lieu of filing a formal Respondent's Brief.

354942_1

Honorable Peter G. Sheridan, U.S.D.J.
August 14, 2009
Page 2

This appeal's primary thrust is to attack the findings of fact made by the Law Division after a seven-day trial, where Judge Moses made a number of credibility determinations based on the observations that only a sitting trial judge is suited to make. Spina's arguments in this appeal are more suited to her pending appeal of Judge Moses' decision than to this matter, rather than to the Bankruptcy Court's decision to apply the doctrines of collateral estoppel and *res judicata* to the findings of the Law Divison. Spina's continued attempts to distort the Trial Court record in an attempt to re-argue the factual issues that Judge Moses decided have no bearing on this appeal, since Spina is precluded from re-litigating the issues that were before the Law Division Trial Court. See In re Docteroff, 133 F.3d 210, 214 (3d Cir. 1997) (citing Heiser v. Woodruff, 327 U.S. 726, 732(1945); Grogan v. Garner, 498 U.S. 279, 284-85 n.11(1991)). There can be no real question that (1) the fraud issue that was sought to be precluded in the Bankruptcy Court was the same as the one that was litigated in the Trial Court; (2) the fraud issue was actually litigated over a seven day trial; (3) the fraud issue was determined by a valid and final judgment; and (4) the determination of the fraud Spina visited upon Albro while acting as his attorney was been essential to Law Division judgment. Spina was therefore estopped from re-litigating the fraud while acting in a fiduciary capacity before the Bankruptcy Court, and before this Honorable Court. See In re Ross, 602 F.2d 604, 608 (3d Cir.1979); accord Restatement (Second) Judgments § 27 (1982). The factual issues raised in Spina's appeal are therefore of no moment in deciding this appeal.

Spina's urgings that she should have been afforded an evidentiary hearing by the Bankruptcy Court are of no moment. The Opinion rendered by Judge Moses was replete with

354942_1

Honorable Peter G. Sheridan, U.S.D.J.
August 14, 2009
Page 3

factual findings. It was not the Bankruptcy Court's function to question or revisit those findings[1], which are entitled to Full Faith and Credit. The Bankruptcy Court was well within its discretion, and in fact, required, to afford the Law Division decision the preclusive effect it had on Spina's attempt to re-litigate the issues of her fraud, conversion and breach of fiduciary duty.

Spina's argument reveals her true desire with these legal proceedings. Having been declined legal malpractice coverage for her conversion and breach of fiduciary duty to Albro, Spina's goal is to use her legal education and experience, which permit her to act *pro se* in this matter, to wear Albro down with endless proceedings, appeals and the resulting legal fees and costs until such time as he "throws his hands" up in despair and permits Spina to get away with the conversion of hundreds of thousands of dollars of his pension and retirement funds for her benefit. These sordid tactics should not be permitted any further.

Thank you for your consideration of this matter.

Respectfully submitted,

DANIEL Y. GIELCHINSKY

Cc: James R. Albro
Vincenza Leonelli-Spina
Stephen A. Geffner, Esq.

---

[1] At oral argument, Bankruptcy Court Judge Stern inquired of Spina's then counsel that if he were to conduct another seven-day trial and arrive to the same conclusions of fact that Judge Moses did, would Spina's debt to Albro be non-dischargeable. Spina's counsel conceded that the debt would be non-dischargeable.

354942_1